Ahmat v. Holder

BIA
Abrams, IJ
A099 592 056

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand eleven.

PRESENT:

> DENNIS JACOBS,
> > Chief Judge
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ADOUM ALHADJI AHMAT,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
> *Respondent.*

_____

09-2029-ag
NAC

FOR PETITIONER:        *Pro Se.*

**FOR RESPONDENT:**     Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner, Adoum Alhadji Ahmat, a native and citizen of Chad, was admitted into the United States in June 2005 as a nonimmigrant student. He ended his schooling (if any) by September 2005, and in February 2006, following the expiration of his nonimmigrant visa, Ahmat filed an affirmative application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He alleged that he had been detained and beaten by police due to his support for the Movement for Democracy and Justice in Chad ("MJDT"). Because Ahmat filed his application after May 11, 2005, it was governed by the REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)). *See In re S-B-* 24 I. & N. Dec. 42, 45 (B.I.A. 2006).

In April 2007, an immigration judge ("IJ") denied

2

Ahmat's application for relief after finding him not credible. Ahmat appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal in April 2009. However, the BIA applied the pre-REAL ID Act legal standards, concluding that the discrepancies the IJ identified "are substantial and go to the heart of [Ahmat]'s claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (stating that the agency may, considering the totality of the circumstances, base a credibility finding on demeanor, plausibility, and inconsistencies, without regard to whether they go "to the heart of the applicant's claim"). Following that decision, Ahmat filed a petition for review in this Court.

In February 2010, the government moved to dismiss the petition and remand to the BIA "to allow it to address the impact, if any," of the REAL ID Act on the credibility determination. We denied the government's motion without prejudice, directing it to file a brief addressing whether the BIA's application of the wrong legal standard was harmless error "in light of the greater discretion afforded immigration judges by the REAL ID Act to assess credibility." Before the government filed its brief, the parties submitted a joint stipulation to remand to the BIA

for reconsideration under the REAL ID Act.* We declined to remand, and directed the government to file a responsive brief. That brief has been filed.

In the review of an adverse credibility determination "an error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006). In this case, remand would be pointless because the REAL ID Act provides more, not less, support for the agency's adverse credibility determination.

The IJ's decision found that Ahmat's testimony (that he was whipped while in detention) was inconsistent with his asylum application (which did not mention that mistreatment). The BIA found that this inconsistency went to the heart of Ahmat's claim that he was beaten and detained on account of his involvement in the MJDT. Even

---

* We granted Ahmat's attorney's motion to withdraw as counsel in October 2009. In its motion to remand, the government stated that it was filing the motion "in lieu of a joint stipulation because Petitioner is currently *pro se*." Although the subsequent joint stipulation is signed by Ahmat's former attorney, he has not filed a notice of appearance in this case since the time of his withdrawal. Absent a new notice of appearance, Petitioner is assumed to be appearing *pro se*. *See* 2d Cir. Local R. 12.3(b).

4

prior to the enactment of the REAL ID Act, this finding alone would likely have supported an adverse credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (determination supported by inconsistency between applicant's written statement and oral testimony regarding whether, during a particular incident on which his claim hinged, rival political party members had ransacked his home in his absence or had abused and threatened him personally).

Moreover, the IJ found that Ahmat "ha[d] little knowledge regarding the MJDT," that he "did not know the history of Chad," that he had no knowledge of the timing and circumstances surrounding the death of Youssouf Togoimi (the former leader of the MJDT), and that background evidence in the record contradicted Ahmat's testimony that no amnesty had been granted to individuals involved in the overthrow of the government. The BIA concluded that it was "reasonable for the Immigration Judge to expect [Ahmat] to know something about the political party to which he purported he was a member."

Given these findings, it is clear that the BIA's application of the wrong standard did not prevent it from considering the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). We can therefore predict with

5

confidence that, "upon a reconsideration cleansed of errors, the agency would reach the same result." *Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 235 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and the Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6